**United States District Court**
**District of Massachusetts**

```
_____
                              )
MONICA CORMIER, HOLLY PETERSON )
and AMANDA FEARS,             )
                              )
          Plaintiffs,         )
                              )   Civil Action No.
          v.                  )   13-11822-NMG
                              )
LANDRY'S, INC., RAINFOREST CAFÉ, )
INC. and McCORMICK & SCHMICK   )
RESTAURANT CORP.              )
                              )
          Defendants.         )
_____      )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

        This case arises out of the employment of Monica Cormier

("Cormier"), Holly Peterson ("Peterson") and Amanda Fears

("Fears") (collectively "plaintiffs") as wait staff at the

Rainforest Café in Burlington, Massachusetts, and McCormick &

Schmick's in Boston, both of which are owned by Texas

corporation Landry's Inc. ("defendants").  While so employed,

plaintiffs allege that defendants improperly shared tips with

non-wait staff employees, made improper deductions from

plaintiffs' wages and, as a result, paid plaintiffs less than

the Massachusetts minimum wage.  Plaintiffs brought both

statutory and common law claims based on this alleged

misconduct.  Pending before the Court is defendants' motion to

-1-

dismiss all claims.  For the reasons that follow, the Court will deny defendant's motion, in part, and allow it, in part.

## I.   <u>Factual Background and Procedural History</u>

Plaintiffs work as wait staff at defendants' restaurant locations in Massachusetts.  Plaintiffs Cormier and Peterson have been employed at the Rainforest Café in Burlington, since 1998 and plaintiff Fears has been employed at McCormick & Schmick's in Boston since 2012.  During their employment, plaintiffs have been paid an hourly wage of $2.63 in addition to gratuities.  Throughout this period, defendants deducted approximately $9.50 from plaintiffs' paychecks as part of the "discount program" through which they received half-price meals at work.

Plaintiffs allege that they have not retained all gratuities left by customers because defendants had a policy and practice whereby gratuities were shared with non-wait staff, namely hosts and hostesses ("hosts").  Plaintiffs claim that the deductions of $9.50 per paycheck were improper and that the amount exceeded the cost of the meals.  Plaintiffs also allege that their claims are representative of a broader class of employees who suffered similar conduct by defendants.

Based on this alleged conduct, plaintiffs Cormier and Peterson filed a "Class Action Complaint" in Middlesex Superior Court on June 3, 2013, in which they alleged that defendants had

violated Mass. Gen. Laws c. 149 § 152A ("Tips Act") and Mass. Gen. Laws c. 151 §§ 1 & 7 ("Minimum Wage Act") and committed two common law violations for breach of contract and unjust enrichment.[1]  On July 11, 2013, plaintiffs filed their first amended complaint which added Fears as a plaintiff and added a claim that defendant violated Mass. Gen. Laws c. 149 § 148 & 150 ("Wage Act").  Defendants removed the case to this Court on July 31, 2013, based on complete diversity of the parties.

Shortly thereafter, defendants filed a motion to dismiss plaintiffs' suit for failure to state a claim and plaintiffs filed a Second Amended Complaint ("the SAC") which removed one defendant, Landry's Seafood House-North Carolina, and added a different defendant, Landry's, Inc.  Plaintiffs' First and Second Amended Complaints have no material differences other than the substitution of defendants.[2]

As stated in the SAC, plaintiffs makes the following claims against defendants: improperly sharing gratuities with non-wait staff employees under the Tips Act (Count I) and, therefore, reducing employee wages under the Minimum Wage Act (Count II);

---

[1] Although plaintiffs refer to their case as a "class action," the case has not yet been certified as such and, to date, plaintiffs have referred only to Mass. R. Civ. P. 23. Accordingly, the Court disregards the portions of the complaint that reference the purported class.

[2]  Accordingly, all references to the First Amended Complaint in defendants' motion to dismiss will be considered to pertain to the Second Amended Complaint.

improperly deducting employee pay for meals under the Wage Act (Count III) and, therefore, reducing employee wages under the Minimum Wage Act (Count IV); breach of contract (Count V); and unjust enrichment (Count VI).

## II.  <u>Defendant's Motion to Dismiss</u>

### A.  **Legal Standard**

To survive a Fed R. Civ. P. 12(b)(6) motion to dismiss, a pleading must allege a plausible claim, not just a "sheer possibility that a defendant has acted unlawfully." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A district court assesses a complaint's factual sufficiency in two parts. <u>Manning</u> v. <u>Boston Med. Ctr. Corp.</u>, 725 F.3d 34, 43 (1st Cir. 2013).  First, a court ignores conclusory allegations mirroring legal standards. <u>Id.</u>  Second, it accepts the remaining factual allegations as true and draws all reasonable inferences in the plaintiff's favor, thereafter deciding if the plaintiff would be entitled to relief. <u>Id.</u>

### B.  **Statutory Claims**

The Massachusetts minimum wage is $8.00 per hour, M.G.L. c 151, § 1, but certain employees may reach that minimum by combining a lower regular wage with tips received during the course of their work.  A tipped employee must, however, be paid an hourly wage of at least $2.63. 455 Mass. Code Regs. 2.02

(2013).  An employer may apply tip amounts to avoid the
requirement of paying the $8.00 hourly wage only if employees
retain all their tips or their tips are distributed through a
valid "tip-pooling arrangement."  M.G.L. c. 149, § 152A(a).  A
tip-pooling arrangement can include only "employees who
customarily and regularly receive tips." Moore v. Barnsider
Mgmt. Corp., 2006 WL 2423328, at *6 (Mass. Super. Ct. Aug. 15,
2006) (citing M.G.L. c. 149, § 1).

Massachusetts law also circumscribes an employer's ability
to make deductions from employee wages.  An employer may not
make deductions from an employee's wages unless through a valid
assignment or set-off. See Camara v. Attorney General, 941
N.E.2d 1118, 1121 (Mass. 2011).  In addition, Massachusetts
regulations prescribe maximum prices that employers may charge
employees for meals consumed at work. See 455 Mass. Code Regs.
2.04(1)(b) (2013).  In no event, however, may such deductions
exceed the cost of the meal to the employer. Id.

### 1. Count I: Improperly Sharing Gratuities with Non-Wait-Staff Employees under the Massachusetts Tips Act, M.G.L. c. 149, § 152A

Plaintiffs claim that defendants have a policy and practice
at their restaurants of sharing gratuities of wait staff
employees with non-wait staff employees, including hosts.  In
their motion to dismiss, defendants respond that hosts are not
included in the tip pool at many of their restaurants but that

they are considered wait staff at the Rainforest Café. Moreover, defendants contend that, even if hosts are not wait staff employees, they "may be service employees" with whom tips may be validly shared under the Tips Statute.  Plaintiffs reply that defendants' factual assertions cannot be considered at this juncture and that "service employees" are, by definition, not employed in food and beverage service.

As an initial matter, plaintiffs are correct that, in evaluating a motion to dismiss, the Court will not consider affidavits submitted by defendants.  Although a court can consider documents incorporated in the complaint or documents "the authenticity of which are not disputed by the parties," the subject affidavits are neither. See Wilborn v. Walsh, 584 F. Supp. 2d 384, 386 (D. Mass. 2008) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  Accordingly, the Court will not consider them.

Furthermore, even if the Court were inclined to accept defendants' version of the facts, their contentions on their face do not fully rebut plaintiffs' claims.  Indeed, defendants maintain that hosts at "many of" defendants' restaurants do not share in the tip pool but are considered wait staff at one of their other locations.  A partial rebuttal to plaintiffs' arguments is insufficient to rescue defendants' motion to dismiss.

Finally, defendants' contention that hosts are "service employees" is contradicted by the Tips Act which requires that a "service employee" "work[] in an occupation other than in food or beverage service." M.G.L. c. 149, § 152A(a).  Therefore, defendants' motion to dismiss Count I will be denied.

**2.  Count II: Improperly Applying a "Tip Credit" against Employee Wages and Reducing Employee Wages under the Minimum Wage Act, M.G.L. c. 151, §§ 1, 7**

Plaintiffs allege that defendants have improperly applied a "tip credit" against their employees' wages and that, because the tip credit cannot be applied to reach the state minimum wage, defendants have paid them less than the Massachusetts minimum wage in violation of the Minimum Wage Act.  Defendants merely reply that plaintiffs' second cause of action is defective for the same reason as their first cause of action.

Accepting plaintiffs' pleadings as true, it is plausible that defendants' improperly pooled plaintiffs' tips and that, therefore, plaintiffs were paid less than the required minimum wage.  Accordingly, for the same reasons set forth in the preceding section, defendant's motion to dismiss Count II will also be denied.

**3.  Count III: Improperly Deducting Employee Pay for Meals under the Wage Act, M.G.L. c. 149 §§ 148, 150**

Plaintiffs assert that defendants have made improper deductions from the wages of the putative class members and that

defendants required employees to pay more for their meals than is authorized under Massachusetts law. Plaintiffs contend that almost all deductions are illegal while defendants deny such a contention and suggest that the subject deduction is, in fact, a benefit plan.

The contention that employees cannot voluntarily agree to a deduction in their wages in exchange for a service or good (in effect "pre-paying" for something of value) is suspect. Moreover, plaintiff's invocation of Camara v. Attorney General, 941 N.E.2d 1118 (Mass. 2011), is inapposite because it addressed the imposition of a wage deduction in lieu of discipline for truck drivers found to be at fault in workplace accidents. See id. at 1119. Plaintiffs also ignore related statutory provisions concerning the unquestionable validity of deductions to pay for, inter alia, "union dues, loan repayments and savings plans, health insurance, and voluntary charitable contributions." Awuah v. Coverall North Am., Inc., 952 N.E.2d 890, 899 (Mass. 2011) (citing M.G.L. c. 254, § 8).

While the Court doubts plaintiffs' submission with respect to the impropriety of any meal-based deduction, plaintiffs do allege a plausible claim with respect to the amount of their deductions. Massachusetts regulations are clear that meal deductions may not exceed certain maximum prices ($2.25 for lunch or dinner) nor exceed the employer's actual cost. See 455

Mass. Code Regs. 2.04(1)(b).  Plaintiffs allege, however, that the subject deductions merely gave them access to defendants' discount program which, in turn, allowed them to pay half-price for meals during their shifts.[3]  Plaintiffs do not describe the resulting prices of such meals but, drawing all reasonable inferences in their favor, it is plausible that defendants deducted more than $2.25 per meal and that the deductions exceeded the meals' actual cost.  Therefore, defendant's motion to dismiss Count III will be denied.

> **4.  Count IV: Improperly Deducting Employee Wages for Meals and Reducing Employee Wages under the Minimum Wage Act, M.G.L. c. 151 §§ 1, 7**

Plaintiffs' final statutory claim is that the unlawful meal deductions alleged in Count III unlawfully reduce employees' pay below the minimum wage and below the tipped minimum wage. Defendants respond that plaintiffs fail to allege the exact time period and the normal hourly rate paid to non-tipped employees and, therefore, plaintiffs' claims do not create a "plausible inference of a Minimum Wage Law violation."

The Court finds that plaintiffs have alleged insufficient facts with respect to their assertion that the defendants' meal deductions reduced plaintiffs' pay below the minimum wage.

---

[3] Plaintiffs' Second Amended Complaint did not allege this but counsel's reference to the half-priced meals at oral argument was undisputed and the Court accepts the claim as true. See Wagner v. Devine, 122 F.3d 53, 54 n.2 (1st Cir. 1997).

Accepting plaintiffs' pleadings as true and granting them all reasonable inferences, the fact that defendants deducted $9.50 from plaintiffs' paychecks and offered them half-price meals is insufficient, by itself, to prove a violation of the Minimum Wage Act without alleging specific facts about the time frame and plaintiffs' actual paychecks.  While the Court will make reasonable inferences, it will not speculate to fill factual gaps.  Therefore, defendants' motion to dismiss Count IV will be allowed.

> ### C.   Common Law Claims

Plaintiffs also bring two common law claims: breach of contract for violating the Massachusetts tip and wage laws (Count V) and for unjust enrichment for wrongfully paying plaintiffs less than the minimum wage, wrongfully taking deductions from plaintiffs' wages and profiting from those deductions (Count VI).  In response, defendants argue that the statutory claims "provide the exclusive, comprehensive legal basis" for any recovery in this case and, therefore, the common law claims are superseded.  Defendants further contend that the complaint does not allege sufficient facts to constitute claims for breach of contract or unjust enrichment.

> #### 1.   Statutory Preemption of Common Law Claims

The initial question for the Court is whether plaintiffs' common law claims existed before the statutory provisions at

-10-

issue or whether the causes of action are wholly the creature of statute. <u>Mansfield</u> v. <u>Pitney Bowes, Inc.</u>, 2013 WL 947191 (D. Mass. Mar. 12, 2013) (citing <u>Sch. Comm. of Boston</u> v. <u>Reilly</u>, 285 N.E.2d 795 (Mass. 1972)).  If the Court finds that the right or duty predated the statutes, it must then determine whether the statutes were intended to enhance or displace the common law claims. <u>Lipsitt</u> v. <u>Plaud</u>, 994 N.E.2d 777, 785 (Mass. 2013).  A repeal of a common law remedy "will not be lightly inferred; the Legislature's intent must be manifest." <u>Passatempo</u> v. <u>McMenimen</u>, 960 N.E.2d 275, 290 (Mass. 2012) (citation omitted).

### 2.  Count V: Breach of Contract

Both parties cite caselaw in their favor on the question whether the Tips Act preempts common law claims.  Indeed, it is fair to say that some disagreement appears to exist on this point. <u>Compare</u> <u>DePina</u> v. <u>Marriott Int'l, Inc.</u>, 2009 WL 8554874, at *13 (Mass. Super. Ct. July 28, 2009), <u>with</u> <u>Benoit</u> v. <u>Federalist, Inc.</u>, Suffolk Civ. A. No. 04-03516, at *9-10 (Mass. Super. Ct. Jun. 30, 2006).  Plaintiffs, moreover, argue that the Massachusetts Supreme Judicial Court ("the SJC") decided the issue in a recent decision that rejected the argument that the Wage Act was "intended to be the exclusive remedy for the recovery of unpaid wages under Massachusetts law" in <u>Lipsitt</u> v. <u>Plaud</u>. 994 N.E.2d at 777.

Plaintiffs are correct that Lipsitt guides this Court's reasoning but not in the way they contend.  Lipsitt's holding was narrow, addressing only whether the Massachusetts Wage Act preempted claims for unpaid wages, not whether the Massachusetts Wage Act preempted all common law claims.  Id. at 780.  Indeed, Lipsitt addressed specifically how that statute interacts with common law causes of action, reasoning that

> [c]ases involving the Tips Act [G.L. c. 149, § 152A] ... are situations where an employee would have no recognized cause of action but for the statutes' imposition of obligations on employers.

Id. at 784 n.11 (citing Mansfield, 2013 WL 947191, at *3) (emphasis added).  The Lipsitt court further noted that common law claims based on Tips Act violations are "mere surplusage because they needlessly duplicate the remedies available under the statute." Id. (internal citation and quotation marks omitted).  The SJC's conclusion on this point is unmistakable: common law claims cannot be brought for alleged violations of the Tips Act.  Therefore, plaintiffs' common law claims with respect to improper tip-pooling and the subsequent violation of the minimum wage statute are preempted by the Tips Act and, accordingly, defendants' motion to dismiss plaintiffs' breach of contract claim (Count V) will be allowed.

### 3. Count VI: Unjust Enrichment

The Court reaches the opposite conclusion with respect to the preemption of plaintiffs' unjust enrichment claim by the Wage Act, however, although <u>Lipsitt</u> again guides the Court's analysis. While the underlying conduct in plaintiffs' other common law claim involved a cause of action created by statute, plaintiffs' unjust enrichment claim with respect to the allegedly improper deductions is a simple matter of longstanding tort law. In other words, an employee whose employer improperly deducts charges from an employee's wages would certainly have had a cause of action before the Wage Act was enacted. Thus, the Court must determine whether the statute was intended to enhance or displace any applicable common law claims.

A common law remedy can be preempted statutorily either through "direct enactment or necessary implication." <u>Lipsitt</u>, 994 N.E.2d at 782. <u>Lipsitt</u> found that the Wage Act contains no express language preempting common law claims nor do its structure and provisions displace common law remedies. <u>See</u> <u>id.</u> at 785. Accordingly, the Court finds that plaintiffs' unjust enrichment claims have not been preempted by statute.

Finally, the Court concludes that plaintiffs have alleged sufficient facts to sustain a plausible unjust enrichment claim. Therefore, defendants' motion to dismiss plaintiffs' unjust enrichment claims (Count VI) will be denied.

-13-

**ORDER**

In accordance with the foregoing, defendants' motion to dismiss (Docket No. 9) is, with respect to Counts IV and V, **ALLOWED** but is, with respect to Counts I, II, III and VI, **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 22, 2013